IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL ANDREWS, | ) | 8:08CV312 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA POLICE OFFICER DIEHM, and OMAHA POLICE OFFICER VON BEHREN, | ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on July 17, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on July 17, 2008, against two Omaha Police Officers, Defendant Diehm and Defendant Von Behren. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a resident of Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendant Von Behren "designedly" and "willfully" arrested Plaintiff without probable cause, slammed Plaintiff's head repeatedly against a 2005 GMC Envoy, hit Plaintiff in the face with his fists and elbows, and slammed a police cruiser door against Plaintiff's legs. (*Id.* at CM/ECF pp. 4-7, 21-31.) Plaintiff also alleges that Defendant Von Behren "designedly" and "willfully" misused official information, oppressed Plaintiff, and tampered with physical evidence. (*Id.* at CM/ECF pp. 18-21.) In addition, Plaintiff

alleges that Defendant Von Behren "knowingly exposed [Plaintiff] to the risk of serious bodily injury at the D.C.C." (*Id*. at CM/ECF p. 8.)

Plaintiff also alleges that Defendant Diehm allowed Defendant Von Behren to engage in the actions described above. (*Id.* at CM/ECF pp. 21-37.) Plaintiff seeks monetary compensation in the amount of "1.48 Trillion dollars," "punishable redress" in the amount of "223,000.00," and a "223,000.00" cash bond. (*Id.* at CM/ECF p. 38.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Claims Against Defendant Diehm

Plaintiff's only allegation against Defendant Diehm is that Diehm "allowed" Von Behren to engage in the actions described above. (Filing No. 1 at CM/ECF pp. 1-31.) *Respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). However, a plaintiff need not show that a supervisor personally participated in the alleged violation. Rather, a plaintiff may instead "allege and show . . . that the supervisor . . . had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). In addition, "a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989).)

Plaintiff here has not alleged that Diehm was personally involved in, or had direct responsibility for, any of the actions complained of. Consequently, Plaintiff has failed to state a claim against Diehm. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Diehm. Any amended complaint shall fully restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new

3

allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

### B. Plaintiff's Excessive Force Claim Against Defendant Von Behren

The court liberally construes Plaintiff's Complaint to allege a claim against Defendant Von Behren under the Fourth Amendment. The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). To prevail on a claim under the Fourth Amendment relating to excessive force during an arrest, a plaintiff must show that "the amount of force used was objectively [un]reasonable under the particular circumstances." *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). "Reasonableness" must be:

> [J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The Supreme Court has instructed, the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation. . . . Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. In addition to the circumstances surrounding the use of force, we may also consider the result of the force.

*Littrell*, 388 F.3d at 583-84 (citations and quotations omitted).

Here, Plaintiff alleges that Defendant Von Behren slammed Plaintiff's head repeatedly against a 2005 GMC Envoy, hit Plaintiff in the face with fists and elbows, and slammed a police cruiser door against Plaintiff's legs. (Filing No. 1 at CM/ECF

4

pp. 6-7.) The court finds that these allegations are sufficient to nudge Plaintiff's claims against Defendant Van Behren across the line from conceivable to plausible. As a result, Plaintiff's claims for excessive force against Defendant Von Behren may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. Plaintiff's Eighth Amendment Safety Claim Against Defendant Von Behren

The court also liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim related to Plaintiff's safety. A prisoner asserting a violation of his Eighth Amendment safety rights, must show "deliberate indifference," or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, Plaintiff alleges that Defendant Von Behren "knowingly exposed [him] to the risk of serious bodily injury at the D.C.C." (Filing No. 1 at CM/ECF p. 8.) Plaintiff fails to describe the "risk" that he was exposed to and does not set forth any allegations regarding Von Behren's "state of mind." Thus, even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support" his Eight Amendment safety claim. *Stringer*, 446 F.3d at 802. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an Eighth Amendment Safety claim upon which relief can be granted against

Defendant Von Behren. Again, any amended complaint shall fully restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

### D. Plaintiff's State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as assault, battery, negligence, false imprisonment and conspiracy. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 14, 2008** to amend his Complaint and clearly state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant Diehm and Plaintiff's Eighth Amendment safety claims will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

4.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 14, 2008**.

5.	Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

September 11, 2008.	BY THE COURT:

*s/Richard G. Kopf*
United States District Judge