IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | 8:08CV312 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| VON BEHREN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment. (Filing No. 37.) Also pending before the court is Defendant's Motion to Compel Discovery (filing no. 35), Plaintiff's Motion to Deny Discovery (filing no. 34), Plaintiff's Motion to Deny Summary Judgment (filing no. 42), Plaintiff's Motions for Default Judgment (filing nos. 49, 50 and 53), and Plaintiff's Motions in Limine (filing nos. 40 and 44). As set forth below, Defendants Motion for Summary Judgment is granted and all other pending Motions are denied.

## I.   BACKGROUND

Plaintiff Michael Andrews ("Andrews") filed his Complaint in this matter on July 17, 2008, against two Omaha Police Officers, Aaron Von Behren ("Von Behren") and Angie Diehm ("Diehm"). (Filing No. 1; *see also* Filing No. 39 at CM/ECF p. 2 (providing Defendants first names).) On September 11, 2009, the court conducted an Initial Review of the Complaint and determined that it failed to state a claim upon which relief could be granted. (Filing No. 6.) However, the court provided Andrews with an opportunity to amend. (*Id*.) On September 25, 2008, Andrews filed an Amended Complaint and the court permitted his Fourth Amendment excessive force claim to proceed against Von Behren only. (Filing No. 10.)

Von Behren was served with summons on January, 2, 2009 (filing no. 13), and he filed his Answer (filing no. 17) on January 23, 2009. Thereafter, the parties verbally agreed to conduct discovery. However, Andrews eventually refused to answer, and objected to, Von Behren's Interrogatories. (Filing No. 36-3, Attach. 2 at CM/ECF pp. 2-12.) Andrews ultimately filed a Motion to Deny Discovery (filing no. 34), and Von Behren responded with a Motion to Compel Discovery (filing no. 35). Von Behren also filed a Motion for Summary Judgment along with an Index of Evidence and Brief in Support. (Filing Nos. 37, 38 and 39.) Andrews responded with a Motion to Deny Summary Judgment and a Brief of his own. (Filing Nos. 42 and 43.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Von Behren submitted a statement of material facts in accordance with the court's Local Rules. (Filing No. 39 at CM/ECF pp. 2-5.) However, Andrews has not submitted a "concise response" to those facts. Further, Von Behren submitted evidence which was properly authenticated by affidavit. Andrews did not. This matter is deemed fully submitted and the material facts set forth by Von Behren in his

Brief are "deemed admitted" and are adopted below.

## II.   RELEVANT UNDISPUTED FACTS

1. On July 22, 2007, Officers Von Behren and Diehm observed a GMC Envoy parked in a "No Parking" zone.

2. The officers activated their overhead lights to initiate a traffic stop to determine why the vehicle was illegally parked.

3. As the officers approached, Andrews exited the vehicle from a rear passenger seat.

4. The officers asked Andrews to return to the vehicle.

5. As he returned, the officers observed him reach toward the small of his back.

6. The officers then asked Andrews to get out of the vehicle so that they could conduct a "pat search," but Andrews refused and started yelling and waving his fists.

7. After approximately 10 requests, Andrews finally exited the vehicle.

8. After Andrews exited, Von Behren grabbed his arm and pinned it behind his back so that he could handcuff him.

9. Andrews continued to yell at Von Behren.

10. Von Behren then asked Andrews to spread his legs for a "pat search," but he refused to comply.

3

11. The officers had to physically move Andrews' legs apart to conduct the "pat search."

12. After the search, the officers arrested Andrews for disorderly conduct and obstructing police. They then escorted him to the police cruiser.

13. When they reached the cruiser, Andrews sat down in the back seat and refused to bring his legs inside.

14. After approximately 10-12 requests to bring his legs into the cruiser, Von Behren used the palm of his hand against Andrews' sternum to push him inside the cruiser.

15. Plaintiff later pled guilty to obstructing police and was sentenced to 10 days in jail.

(Filing No. 38-2, Attach. 1; Filing No. 38-3, Attach. 2; Filing No. 38-4, Attach. 3.)

### III. PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

As discussed above, Andrews filed three Motions for Default. (Filing Nos. 49, 50 and 53.) In these Motions, Andrews argues that he is entitled to default judgment because Von Behren did not file an answer within 20 days of service of summons. (Filing No. 49 at CM/ECF p. 4; Filing No. 53-2, Attach. 1 at CM/ECF p. 3; Filing No. 51 at CM/ECF p. 2 (Affidavit in Support of Motion for Default Judgment).) Although Von Behren did not specifically respond to these Motions, he did address the default issue in his Brief in Opposition to Plaintiff's Motion to Deny Summary Judgment. (Filing No. 46.) There, Von Behren argued that the court's "electronic filing system shows that [he] timely filed and Answer to the Amended Complaint on January 23, 2009." (*Id*. at CM/ECF p. 3.)

4

Under Federal Rule of Civil Procedure 12(a), a defendant must serve an answer within 20 days after being served with the summons and complaint. Here, summons was executed upon Von Behren on January 2, 2009. (Filing No. 13.) However, he did not file an Answer until January 23, 2009. (Filing No. 17.) Under Fed. R. Civ. Pro. 6(a), the court excludes the day that summons is executed when computing the time period to file an answer. Excluding January 2, 2009, Von Behren had until January 22, 2009, to file his answer. Technically, Von Behren filed his Answer one day late.

Although Von Behren's Answer is technically one day late, the court has the discretion to relax or modify procedural rules if justice so requires. *See United States v. Layne*, 973 F.2d 1417, 1421 (8th Cir. 1992) (citing *American Farm Lines v. Black Ball*, 397 U.S. 532, 539 (1970)). Here, Andrews does not allege, nor does the record reflect, that the late Answer prejudiced him. Therefore, on the court's own motion, Von Behren's Answer is deemed timely filed and Plaintiff's Motions for Default (filing nos. 49, 50 and 53) are denied. *See, e.g., Crutcher v. Coleman*, 205 F.R.D. 581, 586 (D. Kan. 2001) (allowing defendant to file answer six months after original deadline, notwithstanding her failure to provide "an adequate reason" where failure caused no prejudice to plaintiff).

### IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary

5

judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Defendant's Motion

In his Summary Judgment Motion, Von Behren argues that he is entitled to judgment as a matter of law because the amount of force that he used to arrest Andrews did not rise to the level of a Fourth Amendment violation. (Filing No. 39 at CM/ECF p. 8.) The court agrees.

The court analyzes "Fourth Amendment excessive force claims under a reasonableness standard to determine whether, in light of the facts and circumstances, the officer's actions were objectively reasonable." *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2008) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)). Although the Eighth Circuit has not decided whether an excessive force claim requires some minimum level of injury,

it has held that "a de minimus [sic] use of force or injury is insufficient to support a finding of a constitutional violation." *Cavataio v. City of Bella Villa*, 570 F.3d 1015, 1019-20 (8th Cir. 2009) (citing *Hunter v. Namanny*, 219 F.3d 825, 831 (8th Cir. 2000)).

Here, Von Behren admittedly grabbed Andrews' arm and pinned it behind his back to handcuff him. (Filing No. 38-2, Attach. 1 at CM/ECF pp. 2-3.; Filing No. 38-3, Attach. 2 at CM/ECF pp. 2-3.) He also physically moved his legs apart to conduct a "pat search," and pushed him into the police cruiser with the palm of his hand. (*Id*.) As discussed above, these acts must be analyzed under the facts and circumstances of the arrest to determine if they were objectively reasonable.

The undisputed facts indicate that Andrews was very uncooperative. He yelled and shook his fists at Von Behren and Diehm and resisted their requests. (Filing No. 38-2, Attach. 1; Filing No. 38-3, Attach. 2.) Andrews also failed to present any evidence, medical or otherwise, to establish that he was injured as a result of his arrest. Further, he refused to answer Von Behren's interrogatories regarding any injury that he may have received. (Filing No. 36-3, Attach. 2.) In light of these facts and circumstances, Von Behren's de minimis use of force was objectively reasonable and did not rise to the level of a Fourth Amendment violation. *See Benigni v. Smith*, No. 04-1545, 2005 WL 22608, at *1 (8th Cir. Jan 6, 2005) (finding that officer did not use excessive force during an arrest for disorderly conduct when he handcuffed and pushed arrestee in the back twice as they were leaving the scene, without causing arrestee to fall or suffer injury); *Curd v. City Court of Judsonia*, 141 F.3d 839, 841 (8th Cir. 1998) (concluding that seizing an arrestee's arm and turning her body was not objectively unreasonable where there was no evidence of injury); *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990) (explaining that allegations of pain as a result of being handcuffed without some evidence of a more permanent injury are not sufficient to support an excessive force claim).

7

Because the court concludes that Von Behren did not violate Andrews' constitutional rights, there is no need to explore his qualified immunity argument. Von Behren's Motion for Summary Judgment is granted.

IT IS THEREFORE ORDERED that:

1. Andrews' Motions for Default (filing nos. 49, 50 and 53) are denied.

2. Von Behren's Motion for Summary Judgment (filing no. 37) is granted and Andrews' claims are dismissed without prejudice.

3. All other pending motions are denied.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

5. The final pretrial conference, scheduled for September 18, 2009, at 11:00 a.m., is cancelled.

September 1, 2009.                BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.